# EXHIBIT 1

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/31/2023
CT Log Number 543535757

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | James Meyers<br>Kia Motors America, Inc.<br>111 PETERS CANYON RD<br>IRVINE, CA 92606-1790 |
| **RE:** | **Process Served in Colorado** |
| **FOR:** | Kia America, Inc. (Domestic State: CA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOHN ALLEN, an Individual // To: Kia America, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint and Jury Demand |
| **COURT/AGENCY:** | Boulder County District Court, CO<br>Case # None Specified |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2020 Kia Sportage |
| **PROCESS SERVED ON:** | C T Corporation System, Centennial, CO |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/31/2023 at 10:54 |
| **JURISDICTION SERVED:** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after this summons is served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | John Maroney<br>Maroney Law, P.C.<br>634 Gilpin Street<br>Denver, CO 80218<br>803-468-3499 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/31/2023, Expected Purge Date: 04/05/2023<br><br>Image SOP<br><br>Email Notification, Debbie Avalos davalos@kiausa.com<br><br>Email Notification, Wendy Seeley wseeley@kiausa.com<br><br>Email Notification, Marisa Sanchez msanchez@kiausa.com<br><br>Email Notification, Samantha Hughes shughes-contracted@kiausa.com<br><br>Email Notification, Richard Holm rholm@kiausa.com<br><br>Email Notification, Jeremy Close jclose@kiausa.com<br><br>Email Notification, James Meyers meyersj@kiausa.com<br><br>Email Notification, John Y Yoon jyoon@kiausa.com |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/31/2023
CT Log Number 543535757

Email Notification, Olivia Poss oposs@kiausa.com

**REGISTERED AGENT CONTACT:**

C T Corporation System
7700 E Arapahoe Road, Suite 220
Centennial, CO 80112
866-331-2303
CentralTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Mar 31, 2023
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | KIA AMERICA, INC. |
| Case Number | NONE |
| Jurisdiction | CO |

| Inserts | | |
|---|---|---|
| | | |

Colorado
Secretary of State
Jena Griswold





For this Record...
Filing history and documents
Get a certificate of good standing
File a form
Subscribe to email notification
Unsubscribe from email notification
Subscribe to text notification
Unsubscribe from text notification

Business Home
Business Information
Business Search

FAQs, Glossary and Information

# Summary

| Details | | | |
|---|---|---|---|
| Name | Kia America, Inc. | | |
| Status | Good Standing | Formation date | 08/12/1993 |
| ID number | 19931083071 | Form | Foreign Corporation |
| Periodic report month | February | Jurisdiction | California |
| Principal office street address | 111 Peters Canyon Road, Irvine, CA 92606, US | | |
| Principal office mailing address | 111 Peters Canyon Road, Irvine, CA 92606, US | | |

| Registered Agent | |
|---|---|
| Name | C T Corporation System |
| Street address | 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268, United States |
| Mailing address | 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268, United States |

Filing history and documents

Get a certificate of good standing

Get certified copies of documents

File a form

Set up secure business filing

Subscribe to email notification

Unsubscribe from email notification

Subscribe to text notification

Unsubscribe from text notification

Back

| | |
|---|---|
| DISTRICT COURT<br>BOULDER COUNTY, STATE OF COLORADO<br><br>Boulder County Combined Court<br>1777 6th Street<br>Boulder, CO 80302<br>303-441-3750 | |
| Plaintiff:<br><br>**JOHN ALLEN, an Individual**<br><br>v.<br><br>Defendant:<br><br>**KIA AMERICA, INC, a Foreign Corporation** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>John Maroney, # 46008<br>Maroney Law, P.C.<br>634 Gilpin Street<br>Denver, CO 80218<br>Phone No.: 803-468-3499<br>Email: John@maroney-law.com | Case Number:<br><br>Courtroom: |
| **CIVIL SUMMONS** | |

**THE PEOPLE OF THE STATE OF COLORADO:**

**To the Defendant named above:** **Kia America, Inc.**
**7700 E Arapahoe Rd Ste 220**
**Centennial, CO 80112**

You are summoned and required to file with the clerk of this Court an answer or other response to the attached Complaint within twenty-one (21) days after this summons is served on you in the State of Colorado, or within thirty-five (35) days after this summons is served on you outside the State of Colorado.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in then complaint, without any further notice to you.

The following documents are also served with this summons:

Complaint and Jury Demand
First Amended Complaint
District Court Civil Cover Sheet

DATED March 25, 2023

Respectfully submitted,

*/s/ John Maroney*
John Maroney
Attorney for Plaintiff

| | |
|---|---|
| DISTRICT COURT<br>BOULDER COUNTY, STATE OF COLORADO<br><br>Boulder County Combined Court<br>1777 6th Street<br>Boulder, CO 80302<br>303-441-3750 | |
| Plaintiff:<br><br>**JOHN ALLEN, an Individual**<br><br>v.<br><br>Defendant:<br><br>**KIA AMERICA, INC, a Foreign Corporation** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>John Maroney, # 46008<br>Maroney Law, P.C.<br>634 Gilpin Street<br>Denver, CO 80218<br>Phone No.: 803-468-3499<br>Email: John@maroney-law.com | Case Number:<br><br>Courtroom: |
| **CIVIL COVER SHEET** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☒ This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

DATED this 25th day of March, 2023.

Respectfully submitted,

*/s/ John Maroney*
John Maroney
Attorney for Plaintiff

| | |
|---|---|
| DISTRICT COURT<br>BOULDER COUNTY, STATE OF COLORADO<br><br>Boulder County Combined Court<br>1777 6th Street<br>Boulder, CO 80302<br>303-441-3750 | |
| Plaintiff:<br><br>**JOHN ALLEN, an Individual**<br><br>v.<br><br>Defendant:<br><br>**KIA AMERICA, INC, a Foreign Corporation** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>John Maroney, # 46008<br>Maroney Law, P.C.<br>634 Gilpin Street<br>Denver, CO 80218<br>Phone No.: 803-468-3499<br>Email: John@maroney-law.com | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, John Allen, by and through his counsel of record John Maroney, and for his *Civil Complaint and Jury Demand* hereby avers as follows:

1. At all times relevant to this action, Plaintiff John Allen was a resident of the State of Colorado.

2. Upon information and belief, Defendant Kia America, Inc. ("Kia") is a California based corporation, with a registered agent located at 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

3. Venue is proper in the District Court of Boulder County, Colorado, pursuant to C.R.C.P. 98(c).

## NATURE OF ACTION

4. This is a claim arising from a defect in Defendant's vehicles which make them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

5. Defendant did not disclose this defect, which is a material fact, and a fact that a reasonable person would rely on when purchasing a vehicle.

6. At the time of Plaintiff's purchase, and for years preceding, Defendant sold these Defective Vehicles (as defined below) at multiple locations throughout the state of Colorado and the United States.

7. During the relevant period, Defendant sold the Defective Vehicles to Plaintiff and other reasonable consumers without disclosing the fact that these vehicles had a defect which made them easy to steal, unsafe, and worth less than they should be, if they did not have the defect.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 7 of this Civil Complaint and Jury Demand as if set forth verbatim.

9. Plaintiff is the owner of 2020 Kia Sportage and has been the victim of vehicle theft.

10. This matter arises out of negligent acts, errors and omissions, including those for which Defendant is strictly liable, committed by the Defendant against Plaintiff causing Plaintiff to suffer economic injury.

11. Plaintiff brings this action to recover damages for violations of the Colorado Consumer Protection Act, Colorado Rev. Statutes § 6-1-101 et seq., the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301 et seq., among other claims, for economic relief against Defendant which manufactured, tested, distributed, promoted and sold the Defective Vehicles to Plaintiff among many other individuals in the State of Colorado.

12. Plaintiff is a "person" and has purchased a Defective Vehicle in a "sale", as those terms are defined and under the Magnuson Moss Warranty Act.

13. At the time the vehicle was purchased, Plaintiff was unaware that the vehicle was defective and that it was not fit for the ordinary purposes for which the product is used in that it is easy to steal, unsafe, and worth less than it should be if it did not have the defect..

14. Specifically, Plaintiff purchased a 2020 Kia Sportage on or about January 31st, 2020 at Medved Kia, now known as Foundation Kia, located at 11201 W Interstate 70 Frontage Rd N, Wheat Ridge, CO 80033, for personal, work, or household purposes.

15. Plaintiff seeks a refund for monies paid as a result of his purchase of the Defective Vehicle, and further seeks injunctive relief, enjoining Defendant from selling the Defective Vehicles, and requiring Defendant to fix the defect.

16. Defendant Kia America, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

17. Defendant Kia America, Inc. is licensed to do business in the state of Colorado and has appointed its statutory agent as CT Corporation System located at the address listed above.

18. The Defective Vehicles made the subject of this suit, which are manufactured, designed, produced, distributed, and sold by Defendant, are easy to steal, unsafe, and worth less than they would be if they did not have the defect.

19. Defendant manufactures, designs, produces, distributes, and sells the "Defective Vehicles," which are hereby defined as: "all Kia models from 2011-2021. All of these vehicles share the same defects, and therefore an owner of any one of them has been harmed by Defendant's actions.

20. Defendant concealed or otherwise failed to disclose, reveal, or provide notice to customers, including Plaintiff, in Defendant's advertising, labeling or otherwise that these vehicles are defective and are not fit for the ordinary purposes for which the vehicles are used in that are easy to steal, unsafe, and worth less than they should be, if they were not defective.

21. The vehicles are defective in that, among other things, Defendant manufactured and designed them without engine immobilizers, an electronic security device that make it virtually impossible to start a vehicle without a key unless the vehicle's computer has been altered.

22. This means that all a thief needs to do to steal one of the Defective Vehicles is remove a thin piece of plastic that covers the ignition column, exposing a fragile component that can also easily be removed, The thief can then stick a USB drive, a knife, or something that fits in the resulting hole to start the vehicle without a key or electronic signal from a key. Considering how many people charge their cell phones in their cars, the necessary instrument needed to steal a Defective Vehicle is usually readily at hand to a would-be thief.

23. Defendant knew its vehicles were defective in this manner but failed and refused to disclose these defects to customers, despite having the capability and means to do so.

24. Defendant had the capability and means to add an engine immobilizer or similar device, yet they failed to do so.

25. As a result of Defendant's actions and inactions, Plaintiff has suffered injuries, damages, and losses, including but not limited to, the loss of his vehicle, loss of wages, loss of property in the vehicle, increased automotive insurance rates, and noneconomic damages.

## TOLLING OF THE STATUTE OF LIMITATIONS

26. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 25 of this Civil Complaint and Jury Demand as if set forth verbatim.

27. Plaintiff contends he could not, and should not have known, of Defendant's tortious conduct prior to the theft of his vehicle on or about March 28, 2020. In the alternative:

28. Plaintiff had no way of knowing about the Defect in his Defective Vehicle because Defendant concealed it.

29. Even in the event of preceding occurrences of theft, an ordinary consumer, without sophisticated knowledge of mechanical systems and antitheft devices, would not and could not suspect that his or her vehicle that was stolen was, in fact, attributable to a pervasive Defect because Defendant withheld this information and pointed to their express warranties, which purport to disclaim liability for these damages.

30. Indeed, it was not until thefts exploded in the United States—all occurring the same way and spreading across various social media outlets—that Defendant's decades–long obfuscation of the Defect became transparent.

31. All applicable statute of limitations have therefore been tolled by operation of the discovery rule.

**Fraudulent Concealment Tolling**

32. All applicable statutes of limitation have also been tolled by Defendant' knowing and active campaign to fraudulently conceal the existence and nature of the Defect through the period relevant to this action.

33. Instead of disclosing the Defect in the Defective Vehicles and the palpable threat it poses to public safety, Defendant continued to falsely represent that its automobiles were safe, reliable, of high quality, and designed with the latest technological features to keep their drivers safe.

34. In doing so, however, Defendant carefully sought to insulate themselves from liability through curated express warranties that—although advertised by Kia as industry–leading—purport to disclaim responsibility for both design defects and damages resulting from any theft.

35. As the Defect is not readily observable and the average consumer is not technically savvy enough to understand, in isolation, why his or her vehicle may have been stolen, the increasing number of thefts of Defendant's vehicles was not fully appreciated by anyone except Defendant; that is, the only parties armed with the most data about this growing threat, which was beginning to cluster in specific areas around the United States, and the series of design flaws comprising the Defect.

36. Because Defendant was and remains under a constant, unflagging obligation to disclose to Plaintiff and its consumers the true character, quality, and nature of the Defect in the Defective Vehicles, Defendant' active concealment of this fact tolls any applicable statute of limitations.

**Estoppel**

37. The doctrine of equitable estoppel operates to bar a defendant guilty of fraudulent or inequitable conduct from asserting a given limitations period as a defense.

38. Defendant was and remains under a constant, unflagging obligation to disclose to Plaintiff and its consumers the true character, quality, and nature of the Defect in the Class Vehicles.

39. Thus, Defendant's failure to adhere to this mandate amounts to an affirmative misrepresentation that—contrary to the true state of affairs—the Class Vehicles were safe and reliable, just as Defendant has advertised for years.

40. As a result, Plaintiff may have failed to commence an action within the statutory period relying on Defendant' fraudulent and/or inequitable conduct as noted above.

**CLAIMS FOR RELIEF**

*COUNT I – VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT ("CCPA")*

41. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 40 of this Civil Complaint and Jury Demand as if set forth verbatim.

42. The acts and practices engaged in by Defendant, and described herein, constitute unlawful, unfair and/or fraudulent business practices in violation of the CCPA, C.R.S. § 6-1-105.

43. Defendant engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression, or omission of material facts—specifically, the failure to warn or disclose that the vehicles were defective, including that they lacked an engine immobilizer—in connection with the sale, distribution or advertisement of the Defective Vehicle in violation of the C.R.S. §§ 6-1-105(e), (g), (i), (u) & (rrr).

44. Plaintiff purchased the Defective Vehicle, a product that was falsely represented, as stated above, in violation of the CCPA, and as a result, Plaintiff suffered economic damages in that the vehicle he purchased was worth less than the vehicles he thought he had purchased had Defendant not omitted material facts. Plaintiff, and other reasonable consumers, had no reasonable information to suggest that the Defective Vehicle lacked an engine immobilizer or was otherwise easy to steal and unsafe.

45. Plaintiff acted as reasonable consumer would in light of all circumstances.

46. Defendant's actions and omissions would cause a reasonable person to enter in the sale and transaction that resulted in damages to Plaintiff.

47. As a result of Defendant's actions and omissions, Plaintiff suffered economic damages that can be calculated with a reasonable degree of certainty, including a refund of money paid as a result of their purchases.

48. Plaintiff also seeks injunctive relief, requiring Defendant to fix the Defective Vehicles, at no cost to consumers. At the time of Defendant's design, manufacture, processing, distribution, sale and/or use of the Defective Vehicles, Defendant knew of the dangerous condition of the vehicles, in that they lacked an engine immobilizer making them easy to steal, and supplied them with deliberate and/or intentional disregard for making any warning, instruction, or other precaution to prevent injuries and/or theft and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendant specifically placed profits ahead of the health and safety of others by intentionally omitting and concealing material facts about the Defective Vehicles lack of engine immobilizer and ease at which they can be stolen. Defendant's conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and its other consumers.

49. Defendant engaged in a deceptive trade practice as stated above.

50. The deceptive trade practice occurred in the course of defendant's business.

51. The deceptive trade practice significantly impacted the public as actual or potential consumers of the Defendant's goods and/or (property).

52. Plaintiff was an actual consumer of Defendant's goods and/or property.

53. The deceptive trade practice caused actual damages or losses to Plaintiff.

*COUNT II - UNJUST ENRICHMENT*

54. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 53 of this Civil Complaint and Jury Demand as if set forth verbatim.

55. Plaintiff purchased vehicles from the Defendant that he would not have purchased had they known that the vehicle, among other defects, contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers.

56. Defendant was therefore unjustly enriched at the expense of and to the detriment of the Plaintiff.

57. Plaintiff is therefore entitled to restitution from Defendant and seeks an order requiring the Defendant to disgorge all profits, benefits and other compensation the Defendant obtained from the sale of this product

*COUNT III – BREACH OF IMPLIED WARRANTY*

58. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 57 of this Civil Complaint and Jury Demand as if set forth verbatim.

59. Defendant is a merchant with respect to the sale of the Defective Vehicles purchased by Plaintiff.

60. Defendant, by selling the Defective Vehicle, impliedly warranted that the vehicle was merchantable with respect to goods of that kind.

61. Defendant sold the Defective Vehicle to Plaintiff through its dealership in Wheat Ridge. Colorado.

62. The Defective Vehicle sold by Defendant to Plaintiff did not conform with the implied promises made with respect to the labels and material that accompanied the product. Specifically, by failing to reasonably disclose the vehicles did not have engine immobilizers, Defendant implied that the Defective Vehicle was not far easier to steal than other vehicles, was thereby safe, and was worth as much as vehicles that possessed engine immobilizers.

63. As a result of not having an engine immobilizer, among other defects, the Defective Vehicle was not merchantable and Defendant breached its implied warranty of merchantability with respect to the Defective Vehicle.

64. Had Plaintiff known that the Defective Vehicle lacked an engine immobilizer, among other defects, making them far easier to steal, and were thereby unsafe and worth less than its sales price, he would not have purchased it, or would have paid significantly less for the vehicle. As a result of Defendant' breach of implied warranty, Plaintiff has suffered economic injuries.

*COUNT IV – BREACH OF EXPRESS WARRANTY*

65. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 40 of this Civil Complaint and Jury Demand as if set forth verbatim.

66. Defendant is and at all relevant times was a merchant with respect to motor vehicles under U.C.C. § 2-313.

67. Upon information and belief, in the course of selling its vehicles, Defendant expressly warranted in writing that the Defective Vehicles it sold were high quality, properly designed, in conformance with applicable federal standards, and at a minimum, would work properly.

68. Defendant breached its express warranties for the Defective Vehicle by, among other things, selling a Defective Vehicle that was not free of material defects; it contained no engine immobilizer, was far easier to steal than other vehicles, and is therefore unsafe and worth less than if it had engine immobilizers, which they should.

69. Due to the Defendant's breach of warranties as set forth herein, Plaintiff asserts as an additional and/or alternative remedy, as set forth in U.C.C. §§ 2-608 and 2-711, for a revocation of

acceptance of the goods, and for a return to Plaintiff the purchase price of the vehicle and for such other incidental and consequential damages as allowed under U.C.C. §§ 2-608 and 2-711.

70. Defendant was provided notice of these issues by complaints filed against them, including the instant complaint, and complaints filed in other jurisdictions.

71. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff has been damaged in an amount to be determined at trial.

*COUNT V NEGLIGENCE*

72. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 71 of this Civil Complaint and Jury Demand as if set forth verbatim.

73. Defendant designed, manufactured, distributed, tested, sold, applied, used and/or supplied the Defective Vehicle at issue.

74. Defendant held itself out as a corporation capable of reasonably and prudently developing, manufacturing, marketing, supplying, testing, distributing, applying, using, supplying, and selling the Defective Vehicles at issue and therefore had the duty to have and exercise the knowledge of an expert on such product.

75. Defendant knew or should have known that the Defective Vehicles contained defects including that, among other things, Defendant manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key.

76. Defendant knew or should have known that the Defective Vehicle was incredibly easy to steal.

77. As designers, manufacturers, processors, packagers, distributors, marketers, sellers, users, appliers and suppliers of the Defective Vehicles, Defendant had a duty to exercise due care and the ordinary, reasonable and technical skill and competence that is required of designers, manufacturers, processors, packagers, distributors, marketers, sellers, suppliers, and others in a similar situation, including, without limitation, the duty to test its vehicles; the duty to acquire and maintain the knowledge of an expert; the duty to design, manufacture, process, distribute, market, sell, and/or supply its vehicles free from defects and/or latent defects; the duty to adequately warn of vehicle defects and/or hazards, which duty continued even after the sale of said vehicles; and the duty to market, advertise, sell and supply vehicles with adequate information and warnings about the unacceptable risk of theft their design failures create.

78. Defendant failed to use due care under the circumstances and thereby breached its duties as set forth above and was careless and negligent in the performance of its said duties to Plaintiff and its other nationwie consumers

79. Plaintiff used this Defective Vehicle in a manner ordinarily anticipated by Defendant.

80. As a direct and proximate result of the dangerous and defective condition of Defendant's vehicles and Defendant's failure to warn of the dangers thereof, Plaintiff suffered economic and noneconomic injuries.

81. These injuries are not limited to only the difference in value between a Defective Vehicle and a similar vehicle that is not defective. Other damages include, but not limited to, loss of wages, inconvenience, loss of property, lost wages, and emotional distress. In addition to these personal losses, Plaintiff has incurred higher premiums on his automotive insurance and will continue to have higher premiums in the future as a result of his vehicle being stolen.

82., At the time of Defendant's design, manufacture, processing, distribution, marketing, selling, supplying and/or use of the Defective Vehicles at issue, Defendant knew of the dangerous condition of said products and supplied them with deliberate and/or intentional disregard for not making any warning, instruction, or other precaution to prevent injuries or damages and thereby showed complete indifference to and/or conscious disregard for the rights and/or safety of others.

83. Defendant specifically placed profits ahead of the health, rights, and safety of others by intentionally designing the vehicles to be defective and by concealing material facts about the Defective Vehicles.

84. Defendant' conduct was willful, wanton, and/or in reckless disregard for the rights of Plaintiff.

85. As a direct and proximate result of Defendant's negligence, Plaintiff has been damaged in an amount to be determined at trial.

*COUNT VI STRICT LIABILITY, DESIGN DEFECT*

86. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 40 of this Civil Complaint and Jury Demand as if set forth verbatim.

87. Defendant designed, manufactured, and/or supplied the Defective Vehicles in question within the ordinary course of its business.

88. Plaintiff purchased and owned a Defective Vehicle.

89. The Defective Vehicle contains a design defect including that, among other things, Defendant manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key. As a result, the Defective Vehicles are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers, which they should.

90. Defendant knew or should have known of the dangerous and defective nature of the Defective Vehicles at the time of their design, manufacture, sale, testing, transportation, distribution, supply, and use.

91. Notwithstanding, Defendant failed to take safety precautions to prevent economic injury to Plaintiffs and failed to warn and/or instruct Plaintiffs and others of the defective and unreasonably dangerous nature of said vehicles.

92. Defendant's defective and unreasonably dangerous vehicles directly and proximately caused economic injuries to Plaintiff.

93. It was foreseeable that Plaintiff would drive the vehicle and then park and leave it unattended, which is a manner of use reasonably anticipated by Defendant.

94. As a result of the Defective Vehicle's defect, which make it incredibly easy to steal, it was unreasonably dangerous and defective when put to the use anticipated by Defendant.

95. As a direct and proximate result of the dangerous and defective condition of Defendant's vehicles and Defendant's failure to warn of the dangers thereof, Plaintiff suffered economic and noneconomic injuries as described above.

96. At the time of Defendant's design, manufacture, processing, distribution, marketing, selling, supplying and/or use of the Defective Vehicles at issue, Defendant knew of the dangerous condition of said products and supplied them with deliberate and/or intentional disregard for not making any warning, instruction, or other precaution to prevent injuries or damages and thereby showed complete indifference to and/or conscious disregard for the rights and/or safety of others.

97. Defendant specifically placed profits ahead of the health, rights, and safety of others by intentionally designing the vehicles to be defective and by concealing material facts about the Defective Vehicles.

98. Defendant's conduct was willful, wanton, and/or in reckless disregard for the rights of Plaintiff.

99. At the time of Defendant's design, manufacture, processing, distribution, sale and/or use of the Defective Vehicle, Defendant knew of the dangerous condition of said vehicles and supplied them with deliberate and/or intentional disregard for making any warning, instruction, or other precaution to prevent injuries and thereby showed complete indifference to and/or conscious disregard for the safety of others. Defendant specifically placed profits ahead of the health and safety of others by intentionally omitting and concealing material facts about the Defective Vehicles' safety features. Defendant's conduct which caused this damage was willful, wanton, and/or in reckless disregard for the rights of Plaintiff.

## JURY DEMAND

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff John Allen prays for Judgment against Defendant Kia America, Inc. in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, attorney fees, treble damages, and for such other and further relief as the Court may deem proper.

DATED: March 25th, 2023

Respectfully submitted,

*/s/ John Maroney*

John Maroney, Esq.

Plaintiff' address:

12166 W. 7th Drive Apt 7-104

Lakewood, CO 80401

United States